1

2

3

4               UNITED STATES DISTRICT COURT

5               NORTHERN DISTRICT OF CALIFORNIA

6

7    ALEX ULEP,                              Case No. 22-cv-02617-HSG

8                   Plaintiff,               **ORDER OF SERVICE**

9          v.

10   KATHLEEN ALLISON, et al.,

11                  Defendants.

12

13         Plaintiff, a prisoner at San Quentin State Prison ("SQSP"), has filed a *pro se* action

14   pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint (Dkt. No. 1) is now before the Court for

15   screening pursuant to 28 U.S.C. § 1915A.  Leave to proceed *in forma pauperis* is granted in a

16   separate order.

17                              **DISCUSSION**

18   **A.    Standard of Review**

19         A federal court must conduct a preliminary screening in any case in which a prisoner seeks

20   redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C.

21   § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims

22   that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

23   monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),

24   (2).  *Pro se* pleadings must, however, be liberally construed.  *See United States v. Qazi*, 975 F.3d

25   989, 993 (9th Cir. 2020).

26         Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

27   claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Specific facts are not

28   necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

*United States District Court*
*Northern District of California*

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)

that a right secured by the Constitution or laws of the United States was violated, and (2) that the

alleged violation was committed by a person acting under the color of state law. *See West v.*

*Atkins*, 487 U.S. 42, 48 (1988).

## B.    Legal Claims

Plaintiff alleges that various California Department of Corrections and Rehabilitation

(CDCR) defendants and the California Correctional Health Care Services (CCHCS) federal

receiver Clark Kelso caused a COVID-19 outbreak at SQSP by transferring 122 prisoners from the

California Institution for Men (CIM)[1] to SQSP, some of whom were infected with COVID-19, in

May 2020.  Plaintiff alleges that COVID-19 cases at SQSP went from zero to 340 in 22 days

following the transfer.  Plaintiff alleges that defendants "botched" the transfer and "ignored

virtually every safety measure."  Dkt. No. 1 at 9.  He alleges that defendants were aware that

SQSP was at greater risk for an outbreak because of the prison's physical infrastructure, including

housing units with open bars and large numbers of prisoners in close proximity, but implemented

the transfer from CIM nonetheless.  *Id.* at 16.  Plaintiff alleges that defendants ignored the advice

of public health experts in conducting the transfer.  *Id.* at 19.  Plaintiff alleges that he tested

positive for COVID-19 around June 29, 2020.  *Id.* at 9.

Plaintiff names the following defendants in their official capacities:[2]

1.   Kathleen Allison, CDCR Director

2.   Ralph Diaz, former CDCR Director

---

[1] Plaintiff refers to the prison, which is located in Chino, CA, as the "Chino Institution for Men." Dkt. No. 1 at 9.
[2] *See* Docket No. 1 at 12.

1          3.   Ronald Davis, former Associate Director of CDCR Reception Center

2          4.   Ron Broomfield, SQSP Warden

3          5.   J. Clark Kelso, Federal Receiver

4          6.   Allison Pachynski, SQSP Chief Medical Executive Officer

5          7.   L. Escobell, CIM Chief Medical Officer

6          8.   R. Steven Tharratt, CDCR Medical Director

7          9.   Clarence Cryer, SQSP Healthcare Chief Executive Director

8          10. Dean Borders, CIM Warden

9          11. Joseph Bick, CCHCS Director

Plaintiff alleges that all defendants were responsible for or participated in decisions related to the transfer, and that their conduct violated his rights under the Eighth Amendment. He seeks compensatory and punitive damages.

Liberally construed, plaintiff states an Eighth Amendment claim against all defendants. However, the Court understands, as the Attorney General has represented to another court in this district, that "[t]o the best of [the Attorney General's] knowledge, [Dr.] Tharratt died on August 20, 2020." *See* Case No. 3:20-cv-07845-CRB, Dkt. No. 37, 37-1. The Court takes judicial notice pursuant to Federal Rule of Evidence 201 of the filing in that case, which attaches Dr. Tharratt's obituary published on the California Department of Corrections and Rehabilitation website on October 6, 2020, *available at* https://www.cdcr.ca.gov/insidecdcr/2020/10/06/dr-robert-tharratt-longtime-cchcs-medical-director-passes-away/. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (federal courts "may take judicial notice of court filings and other matters of public record"); *Bullock v. Johnson*, No. CV 15-2070 PA (AS), 2018 WL 5880736, at *13 n.19 (C.D. Cal. Aug. 10, 2018), report and recommendation adopted, No. CV 15-2070 PA (AS), 2018 WL 4791089 (C.D. Cal. Oct. 3, 2018) (taking judicial notice of CDCR obituary).

Dr. Tharratt's death therefore preceded the filing of this action on April 29, 2022. "[A] party cannot maintain a suit on behalf of, or against, or join, a dead person, or in any other way make a dead person (in that person's own right, and not through a properly represented estate or

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1   successor) party to a federal lawsuit." *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d

2   943, 955 (9th Cir. 2020).  Dr. Tharratt was therefore not an appropriately named defendant at the

3   onset of this litigation and is DISMISSED.

4                                          **CONCLUSION**

5            a)      Defendant Tharratt is DISMISSED.

6            b)      The Court ORDERS that service on the following CDCR Defendants shall proceed

7   under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program

8   for civil rights cases from prisoners in the CDCR's custody:

9                        1.   Kathleen Allison, CDCR Director

10                       2.   Ralph Diaz, former CDCR Director

11                       3.   Ronald Davis, former Associate Director of CDCR Reception Center

12                       4.   Ron Broomfield, SQSP Warden

13                       5.   Allison Pachynski, SQSP Chief Medical Executive Officer

14                       6.   L. Escobell, CIM Chief Medical Officer

15                       7.   Clarence Cryer, SQSP Healthcare Chief Executive Director

16                       8.   Dean Borders, CIM Warden

17                       9.   Joseph Bick, CCHCS Director

18           c)      In accordance with the program, the Clerk is directed to serve on the CDCR via

19   email the following documents: the operative complaint (Dkt. No. 1), this Order of Service, a

20   CDCR Report of E-Service Waiver form, and a summons.  The Clerk also shall serve a copy of

21   this order on the plaintiff.

22           d)      No later than 40 days after service of this order via email on the CDCR, the CDCR

23   shall provide the court a completed CDCR Report of E-Service Waiver advising the court which

24   defendant(s) listed in this order will be waiving service of process without the need for service by

25   the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or

26   could not be reached.  The CDCR also shall provide a copy of the CDCR Report of E-Service

27   Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court

28   a waiver of service of process for the defendant(s) who are waiving service.

1     e)     Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for

2  each defendant who has not waived service according to the CDCR Report of E-Service Waiver a

3  USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies

4  of this order, the summons and the operative complaint for service upon each defendant who has

5  not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-

6  Service Waiver.

7     f)     The Court ORDERS that service on defendant Clark Kelso shall proceed

8  separately.  The Clerk is directed to electronically serve Clark Kelso and his attorney via the email

9  address HCLitigationSupport@cdcr.ca.gov the following documents: the operative complaint

10  (Dkt. No. 1), this Order of Service, and a Waiver of the Service of Summons form.

11     g)     No later than 40 days after service of this order via email on defendant Kelso and

12  his attorney, defendant Kelso shall file the Waiver of the Service of Summons or a Notice

13  indicating that he does not waive service.  If defendant Kelso files such a notice, the Clerk shall

14  prepare a USM-205 Form and shall provide to the USMS the completed USM-205 form and

15  copies of this order, the summons, and the operative complaint for service upon defendant Kelso.

16     h)     All defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure

17  requires them to cooperate in saving unnecessary costs of service of the summons and complaint.

18  Pursuant to Rule 4, if defendants, after being notified of this action and asked by the Court, on

19  behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the

20  cost of such service unless good cause can be shown for their failure to sign and return the waiver

21  form.

22     i)     This Court will issue a scheduling order for summary judgment or other dispositive

23  motion briefing, such as a motion to dismiss based on Federal Rule of Civil Procedure 12(b), after

24  resolution of the common issues in the 22-mc-80066-WHO matter.  *See* Docket No. 6.

25     j)     All communications by plaintiff with the Court must be served on defendants'

26  counsel by mailing a true copy of the document to defendants' counsel.  The Court may disregard

27  any document which a party files but fails to send a copy of to his opponent.  Until defendants'

28  counsel has been designated, plaintiff may mail a true copy of the document directly to

United States District Court
Northern District of California

1  defendants, but once defendants are represented by counsel, all documents must be mailed to

2  counsel rather than directly to defendants.

3      k)      Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the

4  Court informed of any change of address and must comply with the Court's orders in a timely

5  fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant

6  to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every

7  pending case every time he is moved to a new facility.

8      l)      Any motion for an extension of time must be filed no later than the deadline sought

9  to be extended and must be accompanied by a showing of good cause.  Plaintiff is cautioned that

10  he must include the case name and case number for this case on any document he submits to the

11  Court for consideration in this case.

12      **IT IS SO ORDERED.**

13  Dated:    10/26/2022

14  _____
   HAYWOOD S. GILLIAM, JR.

15  United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California